Haskell *v.* Green.

WILLIAM HASKELL *vs.* MORAL GREEN & *al.**

Proof that the principal in a bond, given by a debtor arrested on execution pursuant to the provisions of the statute of 1822, *c.* 209, for the relief of poor debtors, was afterwards wholly deprived of his reason, and thus remained until after the time limited in the bond for taking the debtor's oath, and was thereby rendered incapable of taking it, furnishes no valid defence to an action on the bond.

One cannot be excused for not taking the poor debtor's oath, by showing that he was so destitute of property, that he might justly and legally have taken it.

EXCEPTIONS from the Court of Common Pleas, *Smith J.* presiding. *Moral Green,* one of the defendants, having been committed to prison on an execution in favor of the present plaintiff, was, on the 4th day of *November,* 1834, enlarged, on giving a bond in the usual form to the plaintiff, conditioned that the said *Moral* should continue a true prisoner within the limits of the jail-yard, and not depart without the exterior bounds thereof until lawfully discharged from his imprisonment ; and, if he should not be discharged from his said imprisonment according to law, within nine

* The Chief Justice was necessarily absent during the hearing of this and the two following cases.

months from the date of the bond, should surrender himself to the jail-keeper within three days of the end of said nine months, and go into close confinement. In this action of debt upon the bond, the defendants pleaded the general issue, and filed a brief statement, averring, that after his commitment, on *July* 1, 1835, the said *Moral* caused the plaintiff to be cited according to law, to appear at the office of the jailer of the county, on *July* 17, 1835, at 10 o'clock, A. M. and therein notified the plaintiff of his intention to take the poor debtor's oath ; that said *Moral* on said 17th of *July*, and for a long time before, and for a long time after the expiration of the nine months and three days, mentioned in the bond, was wholly deprived of his reason and understanding, and totally inca- pable of taking said oath ; and that said *Moral* from the time of his commitment to the time of trial had been destitute of property, real or personal, excepting such as is by law exempted from attach- ment and execution ; and that he had been during the whole of that period well entitled to the benefit of the poor debtor act, and had committed no escape. The defendants, on the trial, offered evidence to prove the facts set forth in the brief statement ; but the Judge considered, that such facts would not constitute a defence, and ruled that the evidence was inadmissible. A verdict was re- turned for the plaintiff, and the defendants filed exceptions.

*Tenney*, for the defendants, argued, that unless the evidence of- fered was admissible, the sureties are liable to pay the debt of an insolvent man, who becomes incapable of taking the oath by the act of God. The Justices could not administer the oath to him, while deprived of his reason. In *New-York* bail are excused, when the principal is deprived of the power of surrender by the act of God, or of the law. In *Massachusetts* it has been held, that bail is excused by the act of God, disabling the principal from be- ing surrendered, although the decisions have not been in accord- ance with those of *New-York* in regard to the act of the law. The same principle should apply to this case. He cited *Champion* v. *Noyes*, 2 *Mass. R.* 481 ; *Parker* v. *Chandler*, 8 *Mass. R.* 264 ; *Loflin* v. *Fowler*, 18 *Johns. R.* 335 ; *Sayward* v. *Conant*, 11 *Mass. R.* 146 ; *Harrington* v. *Dennie*, 13 *Mass. R.* 93 ; *Phœnix F. Ins. Co.* v. *Mowatt*, 6 *Cowen*, 699.

*Boutelle* argued for the plaintiff.

Haskell *v.* Green.

The opinion of the Court was, after a continuance, drawn up by

SHEPLEY J. — The defendant, who was principal in this bond, taken pursuant to the act of *February* 9, 1822, for the relief of poor debtors, *ch.* 209, notified his creditor and proposed to take the poor debtor's oath; but on account of being "wholly deprived of his reason" before the day appointed, he did not take the oath. Nor did he surrender himself within nine months and three days; nor was he surrendered within that time by his bail, because he remained in the same condition of mental alienation until after that time. The defendants also offered to prove, that he was so destitute of property, that he was well entitled to take the oath. One cannot be excused for not taking the oath, by showing that he might have justly and legally taken it. Does his want of sanity afford an excuse for not fulfilling the condition of his bond? That question arose in the Court of King's Bench, in a case of bail, where a commission of lunacy had issued and the principal continued to be a lunatic; and the court intimated, that there could be no foundation for an *exoneretur* being entered on that account. *Cock* v. *Bell,* 13 *East,* 355.

The same question again arose in that court in a case of bail, where an attempt had been made to surrender the principal, and the keeper of the prison had refused to receive him because he had no place for the reception of a person of that description. It appeared also that the principal had become lunatic during his residence in the rules. Yet the *exoneretur* was refused. *Anderson's Bail,* 2 *Chitty's Rep.* 104.

There has not in this case been a performance, and the law does not regard such a misfortune, as a sufficient excuse.

*Exceptions overruled.*